Dear Mr. Bankston:
You have requested an Attorney General's Opinion on the following questions:
 1. What is considered election expenses to be paid by the state, with regard to the Registrar of Voters office? For example, if a Registrar of Voters employees work overtime everyday of the week before a Saturday election, who is responsible for paying overtime to that employee? Can compensatory leave be granted in lieu of overtime pay, and is this discretionary, and who has the discretion, if any, to make that decision?
 2. What's required by the Parish Board when a request is made to recount absentee ballots?
 3. Can the Parish Board choose to recount absentee ballots in an open courtroom in full view of the general public and a sitting judge of the court?
 4. What authority, if any, does the Commissioner have with respect to the day to day operations of a Registrar of Voter's office; and, whether the Registrar of Voters can fill vacancies in his office?
 5. Does the Commissioner have the authority to legally direct a Parish Board of Election Supervisors and/or a Registrar of Voters with regard to election procedures, such as recounting absentee ballots?
 6. Does the Commissioner have the authority to reprimand a Registrar of Voters?
You have provided our office with several letters of communication between the Commissioner of Elections and yourself, the first one being a "letter of reprimand" from the Commissioner regarding the recount of the absentee ballots cast on July 21, 2001, which is the reason for this opinion request.
Your first question regarding election expenses has been addressed with respect to clerks of court in Attorney General Opinion Nos. 2000-194 and 2001-311, enclosed herein for your information and review. The Election Code provides general guidelines for making reimbursements to the registrars of voters under R.S. 18:1400.3, which are required to be followed. In general, R.S. 18:1400.3 mandates reimbursement to registrars of voters when it provides in paragraphs (A) and (B), "election expenses incurred by clerks of court and registrars of votersshall be paid by the state ". Specifically, R.S. 18:1400.3(D) provides:
 D. For the purposes of this Section, `election expenses incurred by registrars of voters' is defined and limited to the following:
 (1) Expenses incurred by a registrar of voters to pay for one or more temporary part-time clerical employees to perform election duties and responsibilities associated with his office as provided in this Title. Such employees shall be paid at an hourly rate established by the registrar at not to exceed that of a Voter Registration Specialist in the General Schedule at the entry level as specified in the classification and pay plan of the Louisiana Department of Civil Service.
 (2) Expenses incurred by a registrar of voters to pay a permanent employee below the level of chief deputy and confidential assistant to perform election duties and responsibilities associated with his office during other than normal hours of operation of his office.
 (3) Expenses of an extraordinary nature incurred by a registrar of voters for an election which have received prior approval of the commissioner of elections.
In response to your first question, election expenses incurred by a registrar are clearly defined by law and are to be paid by the state for gubernatorial and congressional elections and for special elections from funds appropriated to the commissioner of elections for that purpose. All other elections are to be paid by the appropriate governing authority. When local candidates or issues appear on the ballot, the state is required to pay one-half the costs and the remaining one-half is pro-rated between the state and local or municipal entities who participate in an election. The commissioner may initially pay such costs, with the appropriate governing authority reimbursing the commissioner. [R.S. 18:1400.3].
In your example of an employee working overtime for a Saturday election, it is our opinion that if the employee is a permanent employee below the level of chief deputy and confidential assistant, and the employee is required to perform election duties and responsibilities during other than normal hours of operation of the registrar's office, then it is the state's responsibility, through the Commissioner, to pay such expenses as provided by law [which includes local responsibility for payment as well]. The normal hours of operation of a registrar of voters are provided in R.S. 18:134 as follows:
 A. A registrar shall keep his principal office open for business on those days that state departments are open. A registrar shall observe the holidays which are provided by law or proclaimed by the governor for state departments. On days that a registrar's office is open, he shall observe the same office hours as the clerk of court for the parish. Notwithstanding any provision of this Subsection, any registrar may keep his principal office open during additional hours and on additional days.
 * * *
 E. On election days the principal office of the registrar shall remain open from 6:00 a.m. until 9:00 p.m. The registrar or a deputy registrar designated by him shall remain in the office during that time.
 * * *
The hours for operation of a clerk of court's office are set forth in R.S. 13:756 as 8:30 a.m. to 4:30 p.m. every day except Saturdays, Sundays, legal holidays, and in cases of public emergency.
Therefore, should a permanent employee of the registrar's office work outside of the normal hours of 8:30 a.m. to 4:30 p.m. Monday — Friday and 6:00 a.m. to 9:00 p.m. on an election day, the state is responsible for either all overtime expenses or for it's pro-rata share of overtime expenses, according to law. Part-time employees would not be entitled to overtime pay.
With regard to your first question about compensatory leave being granted in lieu of overtime pay; please see our conclusions in Opinion No. 01-311, enclosed herein. The reimbursement of expenses by the state for overtime of a permanent employee who works on election duties outside of the normal hours can not be through compensatory leave; only the registrar can grant compensatory leave to his/her employees.
In response to your second question, we refer you to R.S. 18:1313(I)(2), (3) and (4), which provides the requirements for recounting absentee ballots by a parish board of election supervisors.
In response to your third question, it is our opinion that the parish board of election supervisors is responsible for choosing the time and place where absentee ballots will be recounted. R.S. 18:1313(I)(2)(b).
In response to your fourth question, we refer you to R.S. 18:18, which provides in pertinent part:
 The commissioner of elections shall administer the laws relating to custody of voting machines and voter registration, and for the purpose he shall:
 * * *
 (2) Direct and assist the registrars of voters of the state with respect to matters pertaining to the registration of voters as provided by law.
 (3) Prescribe uniform rules, regulations, forms, and instructions, which shall be approved by the attorney general and thereafter shall be applied uniformly by each registrar of voters in the state. These rules, regulations, forms, and instructions shall include but not necessarily be restricted to forms of applications for registration, records, affidavits and statements, documents, and general procedures to be used by the registrars of voters, none of which shall be inconsistent with the constitution and laws of the United States or of this state.
We also refer you to R.S. 18:58, which provides in pertinent part:
 A. Subject to the direction of the commissioner of elections and as provided by law, the registrar in each parish shall be responsible for the registration of voters in the parish he serves and for the administration and enforcement of the laws and the rules and regulations of the commissioner relating to the registration of such voters. * * *
These two laws on the same subject matter are required to be read together, C.C. art. 13, and thus, it is our opinion that the Commissioner of Elections has the authority to direct the registrars of this statewith respect to the registration of voters. We do not believe that the Commissioner has any authority over a Registrar's office and/or with respect to the day to day operations of a Registrar's office, including whether or not a vacancy in a Registrar's office can be filled.
Your fifth question is answered in our response to your fourth question. Additionally, we add that the Attorney General is the legal advisor to each parish board of election supervisors, per R.S. 18:423(G), and he may designate the appropriate district attorney to represent the board and/or authorize the board to employ special counsel. Likewise, the Attorney General is the legal advisor to each registrar, per R.S.18:64.
In response to your sixth and last question, it is our opinion that the reprimand to you as Registrar of Voters was inappropriate for several reasons. First, the election duty that you were performing, recounting absentee ballots, was being done in your role as registrar and as a member of the parish board of election supervisors, for which the Commissioner has no authority. It was not a registration duty, for which we do believe the Commissioner has supervision to direct you. Second, the Commissioner was reprimanding you for a matter that in her opinion was not being performed properly and/or legally, and the law does not give her the power to act as your legal advisor. The Commissioner's recourse in such a situation could be to seek a legal opinion from the Attorney General, to file a complaint with the State Board of Elections Supervisors, and/or to file a complaint with the professional review committee of the Registrar of Voters Association.
We hope that the foregoing has fully addressed all of your questions, and if we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ______________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Cc: East Baton Rouge Parish Board of Election Supervisors Hon. Suzanne Haik Terrell